UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAURIE A. S.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. 3:26-cv-5599-BAT

**ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff appeals the ALJ's decision finding her not disabled before April 18, 2022 and requests the Court remand the case for calculation of an award of benefits. The Commissioner agrees the case should be remanded but contends the Court should remand for further proceedings.

Under the Social Security Act, "courts are empowered to affirm, modify, or reverse a decision by the Commissioner '*with* or *without* remanding the cause for a rehearing.'" *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014) (emphasis in original) (quoting 42 U.S.C. § 405(g)). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Commissioner of SSA*, 775 F.3d 1090, 1099–1100 (9th Cir. 2014)). Under the Ninth Circuit's credit-as-true doctrine, three elements must be satisfied before a court can remand for calculation

and an award of benefits: (1) the record must be fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ failed to provide legally sufficient reasons to reject evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Even if a claimant meets each element, the Court maintains the authority to remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021.

Plaintiff contends the Court should remand for benefits because the ALJ erroneously failed to credit the opinions of Drs. Tsoi, Packer and Griffin, and failed to fully credit Plaintiff's testimony and the lay evidence, and if "credited as true" this evidence shows Plaintiff is disabled. Dkt. 11 at 19. However, the Court cannot say the record is fully developed, there are no issues to resolve and no evidence to weigh, or that further administrative hearings would serve no useful purpose. To the contrary, the Court finds further proceedings are appropriate and necessary.

Plaintiff argues the ALJ erred by misevaluating the medical opinions, other medical evidence, Plaintiff's testimony, and the lay evidence. These errors require a factfinder to reevaluate all the evidence and opinion testimony and to determine whether the record supports or does not support a finding of disability. Some of Plaintiff's arguments inherently require reweighing. For instance, Plaintiff argues the ALJ improperly relied upon non-examining opinions to undercut other opinions that Plaintiff favors. Plaintiff also disagrees with the ALJ's assessment of the opinions of Drs. Kester and Fitterer. Again, resolution of this claim will require an evaluation of the entire record which should be performed on remand, not on appeal to this Court. Plaintiff further argues there is "other medical evidence" that if properly evaluated

support a finding of disability, an argument if taken at face value requires evaluation, not simply an award of benefits. And Plaintiff argues the ALJ erroneously discounted her testimony claiming some of the ALJ's reasons were not "convincing" which must be reassessed.

The Court thus concludes Plaintiff has not satisfied all three elements of the credit-as-true standard such that the Court should exercise its discretion to remand plaintiff's claims for an award of benefits. There are outstanding issues and factual determinations that need to be made, and further proceedings are appropriate and necessary.

For the foregoing reasons, the Commissioner's decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). The parties agree Plaintiff was found disabled as of April 18, 2022. That finding shall remain undisturbed. The parties agree this matter should be remanded to determine whether Plaintiff was disabled before April 18, 2022. This matter is remanded for that purpose. The Court declines to remand for an award of benefits and finds that remand for further administrative hearings is appropriate and necessary to address whether Plaintiff was disabled before April 18, 2022. On remand, the ALJ shall conduct a de novo hearing, reevaluate all relevant evidence, develop the record and redetermine RFC as necessary and proceed to the remaining steps of the disability evaluation process as appropriate.

DATED this 23rd day of October, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge

i